IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KRISTA DOSS,

    PLAINTIFF,

V.

TRUSSVILLE PEDIATRIC
DENTISTRY, P.C.,

    DEFENDANT.

CIVIL ACTION NO.:

JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

1.   1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12101 et seq. This is a suit authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2.   Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

**II.   PARTIES**

3. Plaintiff, KRISTA DOSS, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Trussville, Jefferson County, Alabama. Plaintiff was formerly employed by Defendant.

4. Defendant, TRUSSVILLE PEDIATRIC DENTISTRY, P.C. (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

5. Defendant is an entity subject to suit under 28 U.S.C. § 133.

6. Defendant employed at least fifteen (15) people during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

### III. STATEMENT OF THE FACTS

7. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 6 above.

8. Defendant hired Plaintiff on or about November 2009

9. Defendant employed Plaintiff as a Dental Hygienist.

10. At all times relevant to this Complaint, plaintiff performed the functions of her job in a satisfactory or better manner.

11. At the time of her termination, Plaintiff had no recent significant disciplinary history with the company.

12. In May of 2011, Plaintiff was diagnosed with severe chronic depression.

13. Plaintiff's depression substantially limits several major life activities, including sleeping and thinking.

14. Plaintiff is able to perform the essential functions of her job with or without an accommodation.

15. After she was diagnosed with depression, Plaintiff informed her employer of her diagnosis.

16. Plaintiff also informed her immediate supervisor, Pam Smith, of her diagnosis.

17. In or around July of 2015, Plaintiff's doctor adjusted her medication.

18. After the medication change, Plaintiff notified Pam Smith, of the adjustment and asked that Smith notify her if she observed any behavior that was atypical, so that Doss could address it with her doctor.

19. On or about August 27, 2015, Plaintiff and another employee, Kristin Doss, were involved in a verbal disagreement concerning their daughters' softball team.

20. During the argument, the two employees, who were friends, went to a supply closet and worked out their differences without the aid of any member of management.

21. Defendant terminated Plaintiff's employment on August 27, 2015, citing the argument.

22. During the meeting, the owner, Dr. Willingham told Plaintiff that she was great at her job and that he would provide a reference for her.

23. Defendant did not terminate or discipline the other employee, Kristin Doss, who does not suffer from a disability.

### IV.  COUNT ONE – AMERICANS WITH DISABILITIES ACT.

24. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-23 above.

25. Plaintiff suffers from the physical and/or sensory impairment of Depression.

26. Plaintiff's depression affects her such that the major life activities of caring for herself, sleeping, concentrating, thinking, communicating, and/or the functions of Plaintiff's brain, are significantly restricted as compared to the average person in the general population.

27. Plaintiff takes medicine in order to assist her limited ability to think, care for herself and concentrate, but despite the medicine, her depression still renders her substantially limited as compared to the average person in the general population.

28. Plaintiff has suffered from depression since 2011.

29. Defendant hired Plaintiff on or about November 2009.

30. Defendant employed Plaintiff as a Dental Hygienist.

31. The position of Dental Hygienist required Plaintiff to clean patients' teeth and assist the dentist in provide for the overall dental health of those patients.

32. Plaintiff was qualified for the position of Dental Hygienist with or without a reasonable accommodation of her disability.

33. Defendant was substantially motivated by Plaintiff's disability and continuing need for healthcare in making the decision to terminate Plaintiff's employment.

34. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V. COUNT II   AMERICANS WITH DISABILITIES ACT RETALIATION

35. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-34 above.

36. Plaintiff suffers from the physical and/or sensory impairment of depression.

37. Plaintiff's depression affects her such that the major life activities of caring for herself, sleeping, concentrating, thinking, communicating, and/or the functions of Plaintiff's brain, are significantly restricted as compared to the average person in the general population.

38.     Plaintiff takes medicine in order to assist her limited ability to think, care for herself and concentrate, but despite the medicine, her depression still renders her substantially limited as compared to the average person in the general population.

39.     Plaintiff has suffered from depression since 2011.

40.     Defendant hired Plaintiff on or about November 2009.

41.     Defendant employed Plaintiff as a Dental Hygienist.

42.     The position of Dental Hygienist required Plaintiff to clean patients' teeth and assist the dentist in provide for the overall dental health of those patients.

43.     Plaintiff was qualified for the position of Dental Hygienist with or without a reasonable accommodation of her disability.

44.     On or about July of 2015, Plaintiff informed her employer of a change in her medicine that might cause a disturbance in her behavior and sought an accommodation, monitoring of her behavior during the transition period.

45.     Defendant was substantially motivated by Plaintiff's disability and continuing need for healthcare in making the decision to terminate Plaintiff's employment.

46.     As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADA;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding her reinstatement to the position she would have had, had she not been terminated;

C. Award Plaintiff back pay, together with employment benefits, front pay, nominal damages, special damages, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and any additional relief as may be determined by the Court to which Plaintiff is entitled.

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 that the actions of Defendant are violative of the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
T: 205.252.1550  F: 205.502.4476

**PLEASE SERVE DEFENDANT(S) AT:**
TRUSSVILLE PEDIATRIC DENTISTRY, P.C.
Chad Post, Registered Agent
1600 Wachovia Tower, 420 N. 20th Street
Birmingham , Alabama 35203

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
OF COUNSEL